## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALEXANDER ARGENTINA, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 2:22-1629 |
| | ) | |
| v. | ) | Judge Cathy Bissoon |
| | ) | |
| DOLLAR TREE/FAMILY DOLLAR, | ) | |
| | ) | |
| Defendants. | ) | |

### <u>ORDER</u>

Plaintiff's Motion to Remand this removed diversity action (Doc. 4) will be granted.

In his Complaint, originally filed in the Court of Common Pleas of Allegheny County and removed by Defendants to this Court,[1] Plaintiff, proceeding *pro se*, asserts one count of race discrimination in violation of the Pennsylvania Human Relations Act, stemming from Defendants' alleged policy of prohibiting patrons from bringing bags of any kind, including book bags, into its store. *Id.* ¶ 11 & Exhibit. In his Prayer for Relief, Plaintiff seeks "compensatory damages of $50,000" and "liquidated damages of $24,000," for a total of $74,000. *Id.* at 4. The Complaint also references unenumerated relief for "emotional pain and suffering" as well as injunctive relief. *Id.* On November 21, 2022, Plaintiff filed the instant Motion to Remand (Doc. 4) seeking remand to state court. Although the *pro se* Motion is less than a model of clarity, Defendants, in their Response, acknowledge that Plaintiff likely seeks remand on the grounds that the $75,000 amount in controversy required for diversity jurisdiction was not met. *See* Doc.

---

[1] A civil action may be removed from state court to federal district court if the latter has original jurisdiction to hear the case. 28 U.S.C. § 1441(a). District courts have original jurisdiction over all civil matters between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a)(1).

7 ¶ 1.  On December 20, 2022, Plaintiff filed a "Waiver of Notice" clarifying that he "does expressly waive any entitlement in excess of or exceeding $74,999.99 and, categorically . . . will never accept more than this amount."  *See* Doc. 12.

This Court has, on more than one occasion, remanded cases where a plaintiff's stipulation clarifies (rather than amends) the pleadings to confirm that he or she does not seek, and will not accept, judgment in excess of the statutory minimum.  *See, e.g.*, Doc. 13 in Civil Action No. 2:20-876; Doc. 5 in Civil Action No. 2:17-1210; Doc. 16 in Civil Action No. 2:13-104; Doc. 8 in Civil Action No. 2:22-479; *see also, e.g.*, Brewer v. Geico, 2014 WL 241756, *5 n.3 (W.D. Pa. Jan. 22, 2014) (recognizing permissibility of the same); Rosado v. Encompass Ins. Co., 2010 WL 2431829, *2 (E.D. Pa. Jun. 10, 2010) (same).  Here, the only enumerated damages claimed in the Complaint total $74,000.  Even if the Complaint could be considered ambiguous regarding the dollar amount of damages requested due to its additional reference to items such as emotional pain and suffering, this case is the type that permits a clarifying stipulation, particularly given Plaintiff's *pro se* status.  Although, oftentimes, the Court has seen such stipulations signed by both sides, there is nothing in the law, from the undersigned's perspective, requiring Defendants' assent.

Because the Complaint demands only $74,000 in damages, and Plaintiff has filed a stipulation confirming that he does not seek, and will not accept, recovery in excess of $74,999.99, the Motion to Remand (Doc. 4) is GRANTED, and the case will be remanded forthwith.  Plaintiff's Motion for Recusal (Doc. 13) is without basis and is DENIED.  Plaintiff's Motions for Judgment on the Pleadings (Docs. 14, 16) are DENIED AS MOOT.  Plaintiff's Motion to Remand (Doc. 15) is duplicative and is DENIED AS MOOT.  Defendants' Motion to Dismiss for Failure to State a Claim (Doc. 8) is DENIED AS MOOT.

IT IS SO ORDERED.

June 2, 2023                                    s/Cathy Bissoon
                                               Cathy Bissoon
                                               United States District Judge

cc (via ECF email notification):

All Counsel of Record

(via U.S. First Class Mail):

Alexander Argentina
114 Fremont Street
Pittsburgh, PA 15210